MEMORANDUM *
Plaintiffs-Appellees Kaltag Tribal Council (“Kaltag”), Salina Sam and Hudson Sam (collectively, “Kaltag plaintiffs”) filed this case in district court against Karleen Jackson, Bill Hogan, and Phillip Mitchell, employees of the State of Alaska, Department of Health and Human Services. The Kaltag plaintiffs alleged that an adoption judgment issued by the Kaltag court is entitled to full faith and credit under § 1911(d) of the Indian Child Welfare Act (“ICWA”), and that the Alaska employees were required to grant the request for a new birth certificate. The district court granted the Kaltag plaintiffs’ motion for summary judgment and denied the Alaska employees’ summary judgment motion. The Alaska employees appeal. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
The district court’s decision that full faith and credit be given to the Kaltag court’s adoption judgment is compelled by this circuit’s binding precedent. See Native Village of Venetie IRA Council v. Alaska, 944 F.2d 548 (9th Cir.1991). The district court correctly found that neither the ICWA nor Public Law 280 prevented the Kaltag court from exercising jurisdiction. Reservation status is not a requirement of jurisdiction because “[a] Tribe’s authority over its reservation or Indian country is incidental to its authority over its members.” Venetie, 944 F.2d at 559 n. 12 (citations omitted).
The Eleventh Amendment does not bar the relief sought by the Kaltag plaintiffs. Id. at 552.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.